UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

GRAHAM ANDERSON, on Behalf of Himself and All Others Similarly Situated,

Plaintiff,

v.

POLYMEDIX , INC., NICHOLAS LANDEKIC, EDWARD F. SMITH, and R. ERIC MCALLISTER,

Defendants.

Case No. 2:12-cv-03721-MAM

CLASS ACTION

**~~[PROPOSED]~~ FINAL JUDGMENT AND ORDER**

This matter came before the Court for hearing pursuant to the Preliminary Approval Order of this Court, dated January 13, 2015, on the application of Lead Plaintiff for approval of the Settlement set forth in the Stipulation of Settlement, dated as of December 23, 2014 and filed with the Court on January 9, 2015 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For purposes of this Order, the terms used herein shall have the same meaning as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who purchased or otherwise acquired PolyMedix common stock during the period between March 7,

2011 and May 10, 2012, inclusive ("Settlement Class Period"), and who were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) any entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary or is controlled by any Defendant; (iii) any person who was an officer or director of Polymedix during the Settlement Class Period; (iv) Defendants' affiliates, legal representatives, heirs, predecessors, successors, or assigns; and (v) members of the Remaining Defendants' immediate families. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency of Settlement.

4. With respect to the Settlement Class, this Court finds for the purposes of effectuating this Settlement that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. Except as to any individual claim of Excluded Class Members, the Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Settlement Class, and as against each and all of the

Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Lead Plaintiff and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiff, Settlement Class Members, and the Remaining Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. Upon the Effective Date, Lead Plaintiff, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, unless such Persons have timely and validly requested exclusion from the Settlement Class pursuant to the Notice. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and benefits of section 1542 of the California Civil Code, and of any U.S. federal or state law, or principle of common law or otherwise, that is similar, comparable, or equivalent to section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

8. The Proof of Claim to be executed by Settlement Class Members shall release all Released Claims against the Released Parties.

9. Upon the Effective Date, Lead Plaintiff and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims, except such Persons who have timely and validly requested exclusion from the Settlement Class pursuant to the Notice.

10. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, Settlement Class Members, and their counsel, employees, successors, and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

11. The distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminarily Approval Order constituted the best notice practicable under the circumstances to all Members of the Settlement Class who could be identified through reasonable effort. Said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

12. Any Plan of Allocation submitted by Lead Counsel or any Fee and Expense Amount shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Remaining Defendants and their Released Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Amount, including interest earned thereon; (b) the disposition of the Settlement Amount; (c) any hearing on, or determination concerning, any applications for attorneys' fees and expenses or for an incentive fee award in the Action; and (d) all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation.

15. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Amount, or any portion thereof, is returned to the Remaining Defendants, then this Judgment shall

be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: 4-30-15

Mary A. McLaughlin
THE HONORABLE MARY A. MCLAUGHLIN
UNITED STATES DISTRICT JUDGE

1017123